UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
720 LEX ACQUISITION LLC,

                              Plaintiff,

-against-                                  09 Civ. 7199 (DAB)
                                             MEMORANDUM AND ORDER

GUESS? RETAIL, INC.,

                              Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

Plaintiff 720 Lex Acquisition LLC's ("720 Lex") asserts causes of action against Defendant Guess? Retail, Inc. ("Guess") for breach of contract due to Guess's repudiation of a long-term commercial lease entered into by the parties. 720 Lex now moves for Summary Judgment as to Liability pursuant to Fed. R. Civ. P. 56. Defendant Guess contends that it had an oral agreement with 720 Lex to terminate the lease and that the termination did not violate New York's Statute of Frauds. Alternatively, Guess argues that the lease is invalid because of illegality and/or fraud in the inducement. For the following reasons, Plaintiff's Motion for Summary Judgment is GRANTED in its entirety.

## I. BACKGROUND

On June 25, 2008, Plaintiff 720 Lex, as landlord, and Defendant Guess, as tenant, entered into a written lease agreement ("Guess Lease") for a commercial property located at 720 Lexington Avenue ("Property") in New York City. (Pl.'s 56.1 Stmt. ¶ 3.) When 720 Lex and Guess entered into the Guess Lease, 720 Lex had an existing 10-year lease ("Madden Lease") for the Property with Steve Madden Retail, Inc. ("Madden") dated January 3, 2007. (Pl.'s 56.1 Stmt. ¶ 4.) Guess knew of the Madden Lease, and agreed that 720 Lex would provide Guess 45 days prior written notice of delivery of possession of the Property. (Pl.'s 56.1 Stmt. ¶¶ 5-6.) 720 Lex and Guess agreed that in the event that possession of the Property was not delivered to Guess on or before August 1, 2009, Guess would be permitted to terminate the lease upon written notice to 720 Lex. (Pl.'s 56.1 Stmt. ¶ 6.)

Haim Chera ("Chera") was the sole representative of 720 Lex in its negotiations with Guess. (Def.'s 56.1 Stmt. ¶ 18.) Chera is a principal/partner for Crown Acquisitions, a family business. (Chera Feb. 26, 2010 Dep. at 8:3 - 11:19.) Chera's family also has a 25 percent interest in 720 Lex. (Id.) Michael Hirschfeld ("Hirschfeld") is a real estate broker based in New York. (Def.'s 56.1 Stmt. ¶ 18.) Hirschfeld has worked with the

Chera family since the 1980s, but not as the Chera family's broker as he was "in the market as a tenant rep. broker." (Hirschfeld Aug. 25, 2009 Dep. at 21:4 - 22:9.) Hirschfeld did not consider himself an agent of Chera for the Guess Lease. (Hirschfeld Mar. 1, 2010 Dep. at 103:7-12.) Hirschfeld was never hired by Guess and was never an agent of Guess. (Hirschfeld Aug. 25, 2009 Dep. at 48:4-6.) However, Hirschfeld was "asked by [Guess's] representative to work on certain properties." (Hirschfeld Mar. 1, 2010 Dep. at 103:7-12.)

Carol Rosenfeld is a real estate consultant hired by Guess to help expand its retail presence in the United States. (Def.'s 56.1 Stmt. ¶ 16.) Hirschfeld approached Chera, unsolicited, and introduced himself as a representative of Guess who was assisting Rosenfeld, Guess's consultant. (Chera Aug. 31, 2010 Aff. ¶ 14.) Hirschfeld then introduced Chera to Guess. (Chera Feb. 26, 2010 Dep. at 18:5-8.) Chera agreed to pay Hirschfeld's employer, Urban Retail Real Estate Group, LLC ("Urban Retail"), a $675,000 commission if Urban Retail could get a new deal for 720 Lexington Avenue to replace the Madden Lease. (Def.'s 56.1 Stmt. ¶ 28; Hirschfeld Mar. 1, 2010 Dep. at 15:12 - 16:21.) In the brokerage business in New York City, negotiations are on behalf of the tenant (Guess), but the landlord (720 Lex) pays the fees. (Hirschfeld Apr. 27, 2011 Dep.

at 134:25 - 136:2.) The Guess Lease includes a clause that expressly identifies Urban Retail as a business entity that the parties "dealt with" and that Urban Retail's fee shall be the responsibility of Chera.

Hirschfeld offered Rosenfeld half of any commissions he would earn from Chera for the completion of various real estate deals, including the completion of the Guess Lease (the "Commission-Sharing Agreement"). (Def.'s 56.1 Stmt. ¶ 32.) Guess was not aware of the Commission-Sharing Agreement. (Hirschfeld Mar. 1, 2010 Dep. at 252:24 - 253:6; Rosenfeld Mar. 11, 2010 Dep. at 44:10-13.) However, the parties disagree about whether Chera knew of the Commission-Sharing Agreement.

Rosenfeld never spoke with Chera about the Commission-Sharing Agreement, and does not know whether Chera knew about the Commission-Sharing Agreement. (Rosenfeld Mar. 11, 2010 Dep. at 44:10-13.) Hirschfeld testified that Chera "probably" was aware of the Commission-Sharing Agreement, but provides no basis for this speculation. (Hirschfeld Mar. 1, 2010 Dep. at 153:23-156:11.) Hirschfeld sent an email to Chera where he referred to "my partner in LA" (Hirschfeld Mar. 1, 2010 Dep. at 148:9-10), who was later identified by Hirschfeld to be Rosenfeld. (Id.) On April 18, 2008, Rosenfeld sent an email to Chera and Hirschfeld to set up a conference call and the subject line was

4

"RE: comm. agreement." In subsequent emails between only Hirschfeld and Rosenfeld, Hirschfeld indicated that he "didn't know if [Rosenfeld] wanted Haim [Chera] to know [about the Commission-Sharing Agreement] . . . not a big deal but I [Hirschfeld] wasn't sure and I have never told him [Chera] we are sharing the fee". (Def.'s 56.1 Stmt. ¶36.)

Following the execution of the Guess Lease on June 25, 2008, Chera immediately began termination discussions with the Property's current tenant, Madden. (Def.'s 56.1 Stmt. ¶45.) Delivery of possession of the Property was expressly conditioned in the Guess Lease upon 720 Lex's receipt of an agreement by Madden to terminate the Madden Lease and deliver possession of the Property to 720 Lex. (Pl.'s 56.1 Stmt. ¶ 6.) Madden and 720 Lex entered into a lease termination agreement dated May 11, 2009 which provided that 720 Lex had the option to terminate the Madden Lease on not less than 14 days notice to Madden. (Pl.'s 56.1 Stmt. ¶ 7.)

On May 15, 2009 720 Lex notified Guess that 720 Lex would deliver possession of the Property to Guess on or before June 29, 2009. (Pl.'s 56.1 Stmt. ¶ 8.) Guess responded to 720 Lex, stating that the Guess Lease had been "rescinded or terminated by [verbal] agreement of the parties in December of 2008," and that Guess did not intend on taking possession of 720 Lexington

Avenue. (Pl.'s 56.1 Stmt. ¶¶ 9, 13.) Guess claims that in a December 4, 2008 phone call between Chera and Guess General Counsel Deborah Siegel, Chera agreed to let Guess out of its lease. (Siegel Aff. ¶ 13; Def.'s 56.1 Stmt. ¶ 51.) Chera denies he ever agreed to let Guess out of the Guess Lease. (Chera Aug. 31, 2010 Aff. ¶ 13.) There is no writing between Chera and Guess memorializing the alleged agreement. (Id.) This litigation ensued.

## II. DISCUSSION

A. Legal Standard

A district court should grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2008). Genuine issues of material fact cannot be created by mere conclusory allegations. Victor v. Milicevic, 361 F. App'x. 212, 214 (2d Cir. 2010). Summary judgment is appropriate only when, after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party. Melendez v. Mitchell, No. 09-0722, 2010 U.S. App. LEXIS 20021, at *2 (2d Cir. 2010).

In assessing when summary judgment should be granted, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. The non-movant may not rely upon speculation and/or conjecture to overcome a motion for summary judgment. Burgess v. Fairport Cent. Sch. Dist., 371 F. App'x. 140, 141 (2d Cir. 2010). Instead, when the moving party has documented particular facts in the record, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). Establishing such evidence requires going beyond the allegations of the pleadings, as the moment has arrived "to put up or shut up." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). Thus, unsupported allegations in the pleadings cannot create a material issue of fact. Id.

B. Statute of Frauds

Guess asserts, and Chera denies, that on December 10, 2008 Guess's General Counsel, Deborah Siegel, verbally accepted Chera's offer to surrender the Guess Lease. (Def.'s 56.1 Stmt.

7

¶¶ 51-54.) The Parties disagree on whether the Guess Lease permits an oral termination, and whether any oral termination would be prohibited by New York's Statute of Frauds.

New York General Obligations Law § 5-703(1) ("New York's Statute of Frauds") provides that "[a]n estate or interest in real property, other than a lease for a term not exceeding one year . . . cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing." A surrender by operation of law occurs when "the parties to a lease do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated." Riverside Research Inst. v. KMGA, Inc., 68 N.Y.2d 689, 692 (N.Y. 1986); Ford Coyle Properties, Inc. v. 3029 Ave. V Realty, LLC, 63 A.D.3d 782, 782 (N.Y. App. Div. 2009).

Here, the Guess Lease was for a term longer than one year and was not surrendered by "operation of law or by a deed or conveyance in writing." On its face, then, New York's Statute of Frauds applies. Nevertheless, Guess argues that an exception to New York's Statute of Frauds applies that would permit oral termination of the lease agreement. In support, Guess cites to BJB Corp. of W.N.Y. v. Truck-Lite Co., No. K1-2001-001055, 2033 WL 25759601 (N.Y. Sup. Ct. Jan. 31, 2003) (citing Strychalski v.

Mekus, 54 A.D.2d 1068, 388 N.Y.S.2d 969 (4th Dep't 1976)). However, in Strychalski, the Court recognized an exception to New York's Statute of Frauds where a contract does not contain a provision requiring a writing. Here, the Guess Lease had multiple provisions that a writing is required for termination. Under Section 21.3 of the Guess Lease, "[n]o waiver by either the Landlord or Tenant of any covenant or agreement contained in this Lease shall be deemed to have been made unless set forth in a writing executed by the party whose rights are being waived." Additionally, Section 20.1 provides that "[a]ny . . . agreement . . . shall be in writing . . . ." Thus, the Strychalski exception to New York's Statute of Frauds does not apply here.

Alternatively, Guess asserts that an exception to New York's Statute of Frauds applies based on promissory estoppel. In New York, promissory estoppel has three elements: (1) a clear and unambiguous promise; (2) a reasonable and foreseeable reliance by the party to whom the promise is made; and (3) an injury sustained by the party asserting the estoppel by reason of the reliance. Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd., 568 F. Supp. 2d 329, 341 (S.D.N.Y. 2008)(quoting Cyberchron Corp. v. Calldata Sys. Dev., Inc., 47 F.3d 39, 44 (2d Cir. 1995)). Guess argues that it detrimentally

relied on the alleged oral agreement to surrender the Guess Lease.

To invoke the doctrine of promissory estoppel, and circumvent the Statute of Frauds, a party must demonstrate unconscionable injury, i.e., injury beyond that which flows naturally (expectation damages) from the non-performance of the unenforceable agreement. Merex A.G. v. Fairchild Weston Sys., Inc., 29 F.3d 821, 826 (2d Cir. 1994). Thus, the question is whether the injury sustained here can be deemed unconscionable. Darby Trading, 568 F. Supp. 2d at 341. Courts have consistently rejected a promissory estoppel exception to the Statute of Frauds when the alleged injuries consisted of lost profits, lost fees, forgone business opportunities, or damage to business reputation. See Darby Trading, 568 F. Supp. 2d at 341, (holding that lost sales and goodwill of customers, causing substantial damage to defendant's business, does not amount to an unconscionable injury); N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, 2000 WL 1290608, at *3 (S.D.N.Y. Sept. 12, 2000) (holding that loss of substantial clients does not amount to an unconscionable injury); Mobile Data Shred, 2000 WL 351516, at *4 (holding that lost business opportunities does not amount to an unconscionable injury).

Guess does not meet the unconscionable injury exception to the Statute of Frauds. In fact, in their Opposition Papers, Guess fails to state clearly any real injury. In her Affidavit Guess General Counsel Deborah Siegel stated, "under normal circumstances, we would have begun pre-construction work for the space by the end of March 2009, at the very latest. That would have ensured that we could open the store in the fall of 2009 and take full advantage of the fourth quarter holiday sales season." (Siegel Aff. ¶ 25.) She additionally contends that if Guess would have taken possession, "the delay would have cost . . . hundreds of thousands of dollars in missed holiday sales and dead rent." (Siegel Aff. ¶ 26.) The record, however, does not support what "pre-construction work" could have been done prior to Guess receiving the notice that 720 Lex would deliver possession of the property. In addition, Guess's claims of forgone business opportunities or lost profits do not meet the unconscionable injury requirement to circumvent the Statute of Frauds. Guess, therefore, cannot prevail on a theory of promissory estoppel.

Defendant Guess has failed to demonstrate the existence of a genuine issue of material fact regarding whether the Guess Lease was terminated orally. New York's Statute of Frauds applies and prevents an oral surrender of the Guess Lease.

C. Illegality and Fraud in the Inducement[1]

Alternatively, Guess argues that there is a genuine issue of material fact as to whether the Guess Lease is enforceable because of illegality or fraud in the inducement.

### 1. Illegality Defense

Guess argues that the lease cannot be enforced due to the Commission-Sharing Agreement between Hirschfeld and Rosenfeld. Guess contends that the Guess Lease should be void as the commission-splitting agreement was an act of bribery that violated New York Penal Law. Guess's arguments fail.

As a general rule, illegal contracts are unenforceable. Lloyd Capital Corp. v. Pat Henchar, Inc., 80 N.Y.2d 124 (N.Y. 1992); Unger v. Leviton, 5 Misc. 3d 925, 928 (N.Y. Sup. Ct. 2004). Under New York law, a person is guilty of commercial bribery in the second degree if he or she "confers, or offers or agrees to confer, any benefit upon any employee, agent or fiduciary without the consent of the latter's employer or principal, with intent to influence his conduct in relation to his employer's or principal's affairs." N.Y. Penal Law § 180.00

---

[1] Guess did not brief its "unclean hands" or other miscellaneous defenses. The Court has considered these defenses on their face. These defenses fail to create a genuine issue of material fact and there is no reason to address them here.

(McKinney 2010). Commercial bribery under New York law is not a strict liability offense. Hidden Brook Air, Inc. v. Thabet Aviation Int'l Inc., 241 F. Supp. 2d 246, 266 (S.D.N.Y. 2002). "The statute clearly contains an intent requirement, and the intent to influence cannot be inferred solely from the act of conferring a benefit." Stat Med. Servs., Inc. v. Daughters of Jacob Geriatric Ctr., Inc., 797 F.Supp. 253, 256-57 (S.D.N.Y.1992); Hidden Brook Air, 241 F. Supp. 2d at 266. Courts have found that to prove a party intended to influence an agent's conduct, "the commercial briber must seek some sort of quid pro quo." Id.

Guess offers no evidence to show that Hirschfeld intended to influence Rosenfeld by entering into the Commission-Sharing Agreement. Additionally, undisputed evidence demonstrates that Hirschfeld never asked Rosenfeld to do anything improper for the commission. Since Guess cannot demonstrate Hirschfeld's intent to influence Rosenfeld, Guess is unable to show that any act of commercial bribery occurred. Accordingly, Guess cannot rely on a defense of illegality.

2. Fraud in the Inducement Defense

Guess argues that the Guess Lease is void because it was procured through fraud. Under New York law, the elements of

13

fraud sufficient to render a contract voidable are a false representation of a material fact upon which the party seeking to avoid the contract justifiably relied to their detriment in entering into the agreement. Frankel v. ICD Holdings S.A., 930 F. Supp. 54, 65 (S.D.N.Y. 1996).

When an opponent of a contract alleges fraud in the inducement as an affirmative defense they must sustain the burden of persuasion. (D'Angelo v. Bob Hastings Oldsmobile, Inc., 89 A.D.2d 785, 786 (N.Y. App. Div. 1982), aff'd, 59 N.Y.2d 773 (N.Y. 1983). The burden of proving fraud in the inducement requires that the proof be by clear and convincing evidence, rather than only a fair preponderance of the credible evidence. Mix v. Neff, 99 A.D.2d 180, 183 (N.Y. App. Div. 1984). Therefore, "at the summary judgment stage, a party must proffer enough proof to allow a reasonable jury to find by clear and convincing evidence the existence of each of the elements necessary to make out a claim for fraud in the inducement." Century Pac., Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 219 (S.D.N.Y. 2007) aff'd, 354 F. App'x. 496 (2d Cir. 2009).

Guess does not make out a claim for fraud in the inducement by clear and convincing evidence. In fact, Guess does not offer any evidence to suggest that 720 Lex made a false representation of any material facts with respect to the Guess Lease. Guess

merely states that Chera knew of the Commission-Sharing Agreement between Hirshfeld and Rosenfeld. Even if Guess could prove that Chera knew of the Commission-Sharing Agreement, Guess fails to demonstrate that 720 Lex made a false representation upon which Guess relied to their detriment. Accordingly, Guess' affirmative defense of fraud in the inducement fails.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff 720 Lex's Motion for Summary Judgment on the issue of Liability is GRANTED in its entirety.

On the issue of Damages, Parties shall file their Joint Pre-Trial Statement ("JPTS") and respective Memoranda of Law addressing the issues raised in the JPTS, in conformity with the Court's Individual Practices, no later than sixty days from the date of this Order. Responses to the Memoranda of Law shall be submitted no later than fourteen days after being served with the Memoranda of Law. There shall be no replies.

SO ORDERED.

Dated: October 20, 2011
       New York, New York

_Deborah A. Batts_
Deborah A. Batts
United States District Judge

15