UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
720 LEX ACQUISITION LLC,

                Plaintiff,

-against-                              09 cv 7199 (DAB)

GUESS? RETAIL, INC.,

                Defendant.
-----------------------------------------------------------x

## JOINT PRE-TRIAL STATEMENT

The undersigned attorneys hereby affirm that this Joint Pre-Trial Statement is submitted in conformity with the Individual Rules of Judge Deborah A. Batts, dated June 23, 2010.

The parties agree that this Joint Pre-Trial Statement may be executed in counterparts and by facsimile signatures.

### Nature of the Case

Plaintiff, 720 Lex Acquisition LLC ("720 Lex"), has asserted causes of action against Guess? Retail, Inc. ("Guess"), for breach of contract due to Guess's repudiation of a long-term commercial lease entered into by the parties (the "Lease").

On October 20, 2011, the Court granted in its entirety 720 Lex's motion for summary judgment on the issue of liability and, on the issue of damages, directed the parties to file a joint pre-trial statement and memoranda of law, in conformity with the Court's Individual Practices, no later than sixty days thereafter. This Joint Pre-Trial Statement is submitted pursuant to that direction.

On November 10, 2011, the Court so-ordered the stipulation of the parties under which (1) the expert report and disclosure of expert witnesses for Guess were to be served on or before December 15, 2011, (2) the rebuttal expert report of 720 Lex, if any, is to be served on or before January 17, 2012 and (3) all expert depositions are to be completed by February 17, 2012.

Basis for Jurisdiction and Venue

This action was originally commenced by 720 Lex in New York Supreme Court, County of New York, and was removed to this Court by Guess pursuant to 28 USC 1441(a).

720 Lex is a New York limited liability company with its principal office in New York, New York.

Guess is a Delaware corporation with its principal place of business in Los Angeles, California.

The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

Accordingly, this Court has diversity jurisdiction pursuant to 28 USC 1332(a).

Non-Jury Case

Upon removal of the action to this Court, 720 Lex filed a jury demand.

On November 8, 2011, subsequent to this Court's grant of 720 Lex's motion for summary judgment on the issue of liability, 720 Lex withdrew its jury demand.

In addition, Section 19.6 of the Lease provides: "Landlord and Tenant hereby waive trial by jury in any action, proceeding or counterclaim brought by either party against the other on any matters whatsoever arising out of or in any way connected with this Lease or Tenant's use of [sic – or] occupancy of the Premises."

Accordingly, with respect to the determination of damages, this case proceeds as a non-jury case.

## Relief Sought

720 Lex seeks to recover from Guess liquidated damages in the sum of $8,731,186.00, pursuant to Section 19.3 of the Lease, plus attorneys' fees, costs and expenses, pursuant to Section 21.6 of the Lease. Guess contends that the actual damages awardable are less than $1,900,000.00 as a matter of law.

## Undisputed Facts

### A.    The 720 Lex/Guess Lease

With respect to liquidated damages, Section 19.3 of the Lease provides, in part, as follows:

> As an alternative to the remedy set forth in Section 19.2, Landlord may recover from Tenant as liquidated damages in addition to any unpaid Rent and Additional Rent accrued to the date of such termination, an amount equal to the difference, for the unexpired portion of the term hereof, between: (1) the aggregate of all Rent reserved hereunder including Fixed Rent and Additional Rent; and (2) the then fair and reasonable rental value of the Premises, the rent under clause (1) above being discounted at the rate of four (4%) percent per annum to its present worth.

> In determining the reasonable value of the Premises, the rent realized by re-letting, if such re-letting be accomplished within a reasonable time after such dispossession or termination, shall be deemed prima facie to be the reasonable rental value.

Section 21.7 of the Lease states that the only "broker" on the Lease transaction was "Urban Retail Real Estate Group LLC, whose fee shall be the responsibility of Landlord pursuant to a separate agreement."

With respect to attorneys' fees, costs and expenses, Section 21.6 of the Lease provides as follows:

> If suit is brought to enforce any covenant of this Lease or for the breach of any covenant or condition in the Lease, then the Landlord and Tenant agree that the losing party as determined by a

3

final unappealable order from a court of competent jurisdiction shall pay to the prevailing party actual and reasonable attorney's fees, costs and expenses as awarded by the court.

B.     The 720/Madden Lease and Amendments Thereto

The 720/Madden Lease is dated January 3, 2007.  Madden continues to occupy the space and pay rent to 720 pursuant to the 720/Madden Lease.

The January 3, 2007 720/Madden Lease provides for a ten year term with a rent schedule as follows:

| | |
|---|---|
| Lease Years One through Three : | $850,000.00 per year |
| Lease Years Four through Six: | $926,500.00 per year |
| Lease Years Seven through Nine: | $1,009,885.00 per year |
| Lease Year Ten: | $1,040,181.00 per year |

Article 3 of the 720/Madden Lease requires Madden to pay 720 Lex a specific amount of property taxes, as outlined with more particularity in Sections 3.1 through 3.11 of the 720/Madden Lease.

Section 21.7 of the 720/Madden Lease states that no broker was involved in the transaction.

1.     First Lease Amendment

The 720/Madden Lease was amended on February 1, 2007 to provide, in part, that Madden would pay more rent and take more space.

The additional rent Madden has paid and will pay under that first Lease Amendment is:

| | |
|---|---|
| Years One to Five: | $420,000.00 per year |

| Years Six to Ten: | $441,000.00 per year |
|---|---|

## 2. Second Lease Amendment

The 720/Madden Lease was amended again in August 2007 to provide, in part, that Madden would pay more rent and take more space.

The additional rent Madden has paid and will pay under that second Lease Amendment is:

| Years One to Three: | $48,000.00 per year |
|---|---|
| Years Four to Six: | $52,320.00 per year |
| Years Seven to Nine: | $57,028.80 per year |
| Year Ten: | $58,739.66 per year |

## 3. Lease Termination Amendment

The 720/Madden Lease was, in effect, amended again pursuant to a lease termination agreement made as of May 11, 2009. The purpose of the agreement, among other things, was to document and require that 720 Lex would have to pay $500,000.00 to Madden in order to be allowed to terminate the 720/Madden Lease in order to open the space for occupancy by Guess? Inc. In short, had Guess occupied the space at issue, 720 Lex would have been required to pay Madden $500,000.00 to terminate the 720/Madden Lease.

## Disputed Facts

720 Lex submits that the Court's fixing of the amount of liquidated damages, attorneys' fees, costs and expenses to be awarded, pursuant to this Court's prior grant of summary judgment as to liability, is not an issue which turns on the determination of disputed facts. Rather, the issue of damages is one to be resolved by the Court based on its consideration of uncontested financial facts and the respective opinions of the parties' expert witnesses.

Guess submits that several essential facts relevant for the determination of damages are contested, including but not limited to the following: (a) the projected rental income streams from the Lease; (b) the appropriate rental income streams for computation of "fair and reasonable rental value of the Premises" pursuant to Section 19.3 of the Lease; (c) the payment or non-payment of commissions associated with the Lease; (d) the amount of rent concessions in connection with the commencement of the Lease; (e) the proposed termination payment of $500,000.00 for the termination of the 720/Madden Lease; (f) the discount rate, if any, for computing the fair and reasonable rental value of the Premises under clause (2) of Section 19.3 of the Lease; (g) the projected rental rates for the period after expiration of the 720/Madden Lease.

<u>Issues of Law to be Decided by the Court</u>

720 Lex submits that the following issue is one to be decided by this Court in fixing damages: whether, in determining "the then fair and reasonable rental value of the Premises" for purposes of calculating liquidated damages under Section 19.3 of the Lease, a market discount rate should be utilized or, instead, a discount rate of 4%.

Guess has identified four legal issues to be decided by the Court:

A.    Whether damages computed based on the entire fifteen year term of the Guess Lease (specifically, years 2019 to 2024) are too speculative and uncertain to be awarded as damages as a matter of law.

B.    Whether the computation of damages must include a reduction based on the current 720/Madden Lease in light of the express language of Section 19.3 of the Guess Lease.

C.　　Whether any discount rate should be applied under clause (2) of Section 19.3 of the Guess Lease.  If so, whether the required discount rate is four (4) percent as a matter of law due to the express language of Section 19.3 of the Lease.

D.　　Whether the testimony and related report of Plaintiff's expert witness, Robert Von Ancken, must be stricken due to the omission of over $5,000,000 of undisputed mitigation payments which Section 19.3 of the Guess Lease requires to be deducted from any damages calculations.

<u>Plaintiff's Witnesses (in alphabetical order)</u>

1.  Ira Gordon:

Mr. Gordon is the comptroller of 720 Lex's management company and, if necessary, will authenticate appropriate schedules and business records showing the rents and escalations under 720 Lex's lease with Madden and the legal and expert fees, and other costs and expenses incurred by 720 Lex in connection with the instant matter.

2.  William Picoli, MAI, CRE:

Mr. Picoli, of Grubb & Ellis Consulting Services Company, will testify as an expert witness to supplement, if necessary, the expert testimony of Robert Von Ancken (see below) regarding 720 Lex's calculation of liquidated damages.

3.  Anthony L. Tersigni:

Mr. Tersigni will testify regarding the nature and value of the legal services rendered by Meyers Tersigni Feldman & Gray LLP on behalf of 720 Lex in this matter and the legal fees charged for those services.

4.   Robert Von Ancken, MAI, CRE, FRICS:

Mr. Von Ancken, of Grubb & Ellis Consulting Services Company, will testify as an expert witness.  He will explain how the amount of liquidated damages claimed by 720 Lex is calculated in accord with the provisions of Section 19.3 of the Lease.  He will also explain certain alternative calculations made by him with respect to liquidated damages.   720 Lex believes Mr. Von Ancken's alternate calculations may become relevant depending on the Court's determination with respect to the appropriate discount rate to be utilized in fixing the reasonable rental value of the premises leased to Guess.  Mr. Von Ancken's computations are set forth and explained in detail in a report previously served on Guess by 720 Lex as part of 720 Lex's expert disclosure under FRCP 26(a)(2), as supplemented, which report and supplement will be submitted as exhibits at the damages hearing.

<u>Defendant's Witnesses (in alphabetical order)</u>

1.   Alex Adjmi, of Plaintiff 720 Lex.

Mr. Adjmi will testify to the 720/Madden Lease, the 2007-2008 remodel, and all related amendments and termination amendment, as well as to the rent received and billboard space mentioned in the 720/Madden Lease.

2.   Mark Baute.

Mark Baute is a partner of Baute Crochetiere & Maloney LLP, and will testify as to the legal services performed by his firm and the related fees and costs incurred in connection with the defense of this action.

3.   Haim Chera of Plaintiff 720 Lex.

Mr. Chera will testify to the 720/Madden Lease, the 2007-2008 remodel, and all related amendments and termination amendment, as well as to the rent received and billboard space

mentioned in the 720/Madden Lease. In addition, Mr. Chera will testify as to the creation and formation of the brokerage affiliate entity.

4. Jerome Haims, MAI, CRE, FRICS:

Mr. Haims is the President of Jerome Haims Realty, Inc., Real Estate Appraisers & Consultants. He will testify as an expert on damages issues.

5. Don Herzog

Mr. Herzog is with Steve Madden Retail, Inc. He will testify as to the 2007-2008 remodel and violations in connection with the remodel.

6. Michael Hirschfeld.

Mr. Hirschfeld will testify to the $675,000 brokerage commission agreement as well as to the Plaintiff's formation and creation of a brokerage affiliate entity.

7. Jamieson A. Karson

Mr. Karson was the chief executive officer of Madden when the Madden Lease was executed, and he signed the Madden lease. He will testify as to the negotiations concerning the ultimately signed and executed 720/Madden Lease and all amendments thereto including the Lease Termination Amendment, along with the rent paid to date, the performance of the store to date, and the costs, expenses and scope of the 2007-2008 remodel.

8. Darin McAtee

Mr. McAtee is a partner of Cravath, Swaine & Moore LLP and will testify as to the legal services performed by his firm and related fees and costs in connection with the defense of this action.

9. Alan Novich.

Mr. Novich is with Steve Madden Retail, Inc., and will testify as to the negotiations concerning the ultimately signed and executed 720/Madden Lease and all amendments thereto including the Lease Termination Amendment, along with the rent paid to date, the performance of the store to date, and the costs, expenses and scope of the 2007-2008 remodel.

10. Edward R. Rosenfeld.

Mr. Rosenfeld is the chief executive officer of Madden. He will testify as to the Madden Lease and amendments, and the costs and expenses of the 2007-2008 remodel.

11. Deborah Siegel.

Ms. Siegel is Vice President and General Counsel of Guess?, Inc. and will testify, if necessary, as to the terms of the Lease, the negotiations of the Lease, her inspection of the building and the quality of the remodel, and as to the legal fees and costs incurred by Guess in these proceedings.

<u>Plaintiff's Exhibits</u>

1. Grubb & Ellis Appraisal of Liquidated Damages (Expert Report), along with related schedules and exhibits;

> <u>Guess Objection</u>: Guess objects to the Grubb & Ellis Report as lacking foundation and omitting essential facts necessary for computation of damages, including $4,000,000 in additional rent payable pursuant to two amendments to the Madden Lease, and an additional $1,175,000 consisting of brokerage commission and Madden Lease termination fee

10

that 720 Lex did not have to pay as a result of Guess' termination of the Guess Lease.

720 Lex Response:  The fact that Guess may believe the Grubb & Ellis report purportedly omitted facts necessary for the computation of damages (a contention that 720 Lex rejects) does not constitute a basis for objecting to the exhibit at this time.  Any objection to the report on this ground, if appropriate, should and can be raised after taking the expert's deposition and/or on cross examination at trial.  Moreover, these very issues of additional rent, a brokerage commission and termination fee (which are the basis for Guess' objection) are listed by Guess herein as disputed issues of fact and/or law.

2.  Grubb & Ellis Supplemental Expert Report, along with related schedules and exhibits;

Guess Objection: Guess objects to the Grubb & Ellis Supplemental Report as lacking foundation and omitting essential facts necessary for computation of damages, including $4,000,000 in additional rent payable pursuant to two amendments to the Madden Lease, and an additional $1,175,000 consisting of brokerage commission and Madden Lease termination fee that 720 Lex did not have to pay as a result of Guess' termination of the Guess Lease.

720 Lex Response:  The fact that Guess may believe the Grubb & Ellis supplemental report purportedly omitted facts necessary for the computation of damages (a contention that 720 Lex rejects) does not

constitute a basis for objecting to the exhibit at this time. Any objection to the report on this ground, if appropriate, should and can be raised after taking the expert's deposition and/or on cross examination at trial. Moreover, these very issues of additional rent, a brokerage commission and termination fee (which are the basis for Guess' objection) are listed by Guess herein as disputed issues of fact and/or law.

3. Rebuttal Expert Report for 720 Lex, if any, per so-ordered stipulation, along with related schedules and exhibits;

4. Guess Lease dated June 25, 2008;

5. Madden Lease dated January 3, 2007 with amendments thereto;

6. Letter dated June 23, 2009 from A. Tersigni to D. McAtee;

7. Summary Schedule with supporting records showing rents and escalations under the Madden Lease;

Guess has not seen the summary schedule and reserves the right to assert objections to it.

8. Summary Schedule with supporting records showing legal and professional fees, costs and expenses incurred by 720 Lex in this matter;

Guess has not seen the summary schedule and reserves the right to assert objections to it.

9. Marketing literature and comparable transaction data for 2005-2009, if necessary;

Guess has not seen these exhibits and reserves the right to assert objections to them.

10. Any of the exhibits listed by Guess.

11.     Amended commission agreement dated July 1, 2009 between 720 Lex and Urban Retail Real Estate Group (Hirsch 000381 – 000382).

> Guess Objection:  Guess objects to this exhibit based on lack of foundation, hearsay and relevance.  The document is dated after Guess terminated the Guess Lease.
>
> 720 Lex Response:  This exhibit is an amendment to an exhibit offered by Guess – Exhibit K, the brokerage agreement relied on by Guess' expert in purporting to reduce Plaintiff's damages by $675,000.  This amendment reduces the brokerage commission from $675,000 to $400,000.  As such it is not hearsay and is highly relevant.

Defendant's Exhibits

In addition to the exhibits identified by the Plaintiff, Guess intends to use the following Exhibits:

A.     Expert report prepared by Jerome Haims of Jerome Haims Realty, Inc., along with related schedules and exhibits.

> 720 Lex reserves the right to assert objections to the expert report prepared by Jerome Haims, along with related schedules and exhibits, until after the completion of expert depositions pursuant to the parties' stipulation so-ordered by the Court on November 10, 2011.

B.     Rebuttal Report prepared by Jerome Haims of Jerome Haims Realty, Inc., along with related schedules and exhibits.

> 720 Lex reserves the right to assert objections to any rebuttal expert report prepared by Jerome Haims, along with related schedules and exhibits,

until after the completion of expert depositions pursuant to the so-ordered
stipulation.

C.    720/Madden First Lease Amendment dated February 1, 2007.

D.    720/Madden Second Lease Amendment dated August 2007.

E.    720/Madden Third Lease Amendment dated February 7, 2008.

F.    720/Madden Fourth Lease Amendment dated May 11, 2009.

G.    720/Madden rent checks and wire transfer receipts, collectively, from 2007
through the present.

H.[*]    Complaint in matter of Steve Madden Retail, Inc. v. 720 Lex Acquisition LLC,
January 16, 2008.

I.    Affidavit of Dana DiCinto in the Steve Madden v. 720 Lex case.

J.[†]    Brokerage agreement between 720 Lex and Michael Hirschfeld, dated February
20, 2009.

K.    Commission agreement between 720 Lex and Urban Retail Real Estate Group,
LLC, dated April 4, 2008.

L.    Legal fees and costs invoices, collectively for Baute Crochetiere & Maloney LLP.

        720 Lex has not seen these exhibits and reserves the right to assert
        objections to them.

M.    Legal fees and costs invoices, collectively, for Cravath, Swaine & Moore LLP.

---

[*] Plaintiff does not object to Exhibits H and I provided they are offered, not for the truth of any contested facts contained therein, but only as documents reviewed by defendant's expert witness.

[†] Copies of Exhibits J, O, P, Q and R will be furnished to plaintiff prior to taking the deposition of defendant's expert, and if plaintiff has any objection(s) thereto, it will bring such objection(s) to the attention of the Court prior to the commencement of trial.

720 Lex has not seen these exhibits and reserves the right to assert objections to them.

N.     Marketing literature and comparable transaction data for 2005-2009, collectively.

720 Lex has not seen these exhibits and reserves the right to assert objections to them.

O.     Photographs of the leased premises before the renovations done by Steve Madden, Inc. in connection with the Madden Lease.

P.     Photographs of the leased premises during the renovations done by Steve Madden, Inc. in connection with the Madden Lease.

Q.     Photographs of the leased premises after the renovations done by Steve Madden, Inc. in connection with the Madden Lease.

R.     Marketing Brochure page showing "before" photo and "after" rendition of the premises.

<u>Expert Depositions</u>

Pursuant to the parties' stipulation so-ordered by the Court on November 10, 2011, expert depositions are to be taken and completed by February 17, 2012.  If all or any portion of those depositions to be taken are to be used as exhibits, the parties will list them as supplemental exhibits and will submit copies thereof prior to trial together with the information required by the Court's Individual Practices.

<u>Plaintiff's Trial Counsel</u>

Lead counsel for 720 Lex at the damages hearing will be Anthony L. Tersigni, assisted by Richard N. Gray and/or Andrea Tersigni, all of the firm of Meyers Tersigni Feldman & Gray LLP.

<u>Defendant's Trial Counsel</u>

Lead counsel for Guess will be Mark D. Baute of Baute Crochetiere & Maloney LLP.

Co-counsel will be Doug Broder of KL Gates LLP.

<u>Estimate of Trial Time</u>

It is estimated that the damages trial will require three to five days.

MEYERS TERSIGNI FELDMAN & GRAY LLP

By:    s/Anthony L. Tersigni
           Anthony L. Tersigni
           Richard N. Gray
           Andrea Tersigni
           Attorneys for Plaintiff
           14 Wall Street, 19th Floor
           New York, New York 10005
           (212) 422-1500


BAUTE CROCHETIERE & MALONEY LLP

By:    s/Mark D. Baute
           Mark D. Baute
           Attorneys for Defendant
           777 South Figueroa Street
           Suite 4900
           Los Angeles, CA 90017
           (213) 630-5001