UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 17 2015
```

720 Lex Acquisition LLC,

      Plaintiff,

 –v–

Guess? Retail, Inc.,

      Defendant.

09-cv-7199 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

  This action came before the Court for a bench trial to determine the correct measure of damages for Defendant's breach of a commercial lease. The Court entered its opinion on August 22, 2014. *See* Dkt. No. 134. Now before the Court are two matters left unresolved by the Court at that time: Plaintiff's motion for attorneys' fees and costs, and the question of whether Plaintiff is entitled to prejudgment interest. For the following reasons, the Court denies Plaintiff's motion for attorneys' fees and costs without prejudice, and grants prejudgment interest according to the terms described below.

 **I.** **Fees**

  Plaintiff contends that it has a contractual right to attorneys' fees incurred as a result of this litigation. Section 21.6 of the lease agreement between the parties provides:

> If suit is brought to enforce any covenant of this Lease or for the breach of any covenant or condition in the Lease, then the Landlord and Tenant agree that the losing party as determined by a final unappealable order from a court of competent jurisdiction shall pay to the prevailing party actual and reasonable attorney's fees, costs and expenses as awarded by the court.

The parties resolved their dispute over all attorneys' and expert fees incurred up to August 22, 2014, the date that the Court issued its opinion. *See* Dkt. No. 135 at 1. What remains is a

1

dispute over fees incurred by Plaintiff after August 22, 2014. Plaintiff claims $13,650 in legal fees from that date.

      Defendant opposes Plaintiff's fees application on four grounds. First, it claims that the fees were incurred largely for settlement discussions on the question of prejudgment interest, and because prejudgment interest has not yet been awarded, there is no "prevailing party" on that question who would be entitled to fees. Second, it claims that a fees award would be premature under the contract because there is not yet a final, unappealable order. Third, it contends the time of three of Plaintiff's four attorneys was "unnecessary and duplicative" for the purpose of post-judgment settlement negotiations. And finally, it argues that the time for the remaining attorney, Anthony Tersigni, should be halved, because Plaintiffs agreed to receive half of the legal fees they originally sought, and recovered half of the judgment sought at trial.

      Turning to the threshold issues first, the Court rejects Defendant's first argument that the parties' contract involves a motion-by-motion determination of who the "prevailing party" is for the purposes of determining a fee award. The contractual language contemplates a single "losing party" and a single "prevailing party," and does not limit the availability of fees to only those motions or subsidiary matters on which a party "prevails." The more natural reading of this language is to generally create a right for Plaintiff, as the prevailing party, to recover fees, not to cabin its recovery in potentially byzantine ways. At any rate, the Court today resolves the issue of prejudgment interest largely in Plaintiff's favor. *See infra* at 7.

      However, the Court finds persuasive Defendant's argument that the contract does not permit an award of fees until after a "final *unappealable* order" has been rendered. Plaintiff does not offer an alternative interpretation of this phrase that would permit the Court to award fees while its order and the ultimate judgment are still appealable, but rather states that it sees "no valid reason why the fees issue cannot be decided" at this time. *See* Pl. Reply Mem. at 4 (Dkt. No. 139). This argument ignores the language of the parties' contract, which qualifies as a "valid" reason. Plaintiff points to no principle that would permit the Court to disturb the parties' contractual agreement on this score. And there is at least some reason to believe this result will

2

be efficient, as it will preclude the need for a successive fees motion for work done during any potential appeal.

Plaintiff's concern about piecemeal briefing on the fees issue is sensible, but the Supreme Court already considered the same issue when it decided *Ray Haluch Gravel Co. v. Central Pension Fund of the Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773, 781 (2014). There, the Court held that a decision on the merits is a "final" decision for the purposes of appeal despite the pendency of a fee award based on a contract. *Id.* at 777. While the Court left open the possibility that a "freestanding contract action" for entitlement to fees might be part of the merits, this case does not present that scenario. *See id.* at 783. Although Plaintiff pleaded its entitlement to fees as a cause of action in the complaint, the contract plainly would have made fees available to Defendant had it prevailed, and the fee provision thus operated like the provision in *Ray Haluch* in the relevant respects.

The Court will thus direct entry of judgment without resolving Plaintiff's remaining fees motion in order to permit appeal of the merits decision. Plaintiff may renew its fees request if and when that decision becomes unappealable. In light of the fact that they have already amicably resolved fees of $665,000 for all matters before August 22, 2014, the parties are urged to consider whether resolution might be found for the remaining request of $13,500 without further judicial intervention.

### II.    Prejudgment Interest

The parties also dispute the correct amount of prejudgment interest. Defendant argues that, in the face of the lease agreement's silence on how to calculate prejudgment interest, the Court must look to the fact that Plaintiff has suffered "little or no actual loss of use of funds" as a result of Defendant's breach. *See* Def. Mem. at 1 (Dkt. No. 136). On this theory, Defendant offers two alternative calculations of the prejudgment interest that Plaintiff is owed: none (which it further argues is the correct alternative), or $128,353. Plaintiff sharply disagrees, and states that $2,172,107.21 is the appropriate award of prejudgment interest.

The lease agreement's silence as to prejudgment interest is not particularly surprising; unlike the liquidated damages and attorneys' fees in this action, prejudgment interest is awarded as a matter of New York statutory law rather than under the contract. Defendant does not dispute that N.Y. C.P.L.R. 5001(a) makes prejudgment interest mandatory on damages for a breach of contract. It nevertheless argues that the amount of prejudgment interest should be nil because Plaintiff has "suffered no pecuniary loss to date." Def. Reply Mem. at 1 (Dkt. No. 140). It reasons that damages for its breach are accrued on a year-to-year basis, because the "Court made year to year fact findings for all of the various times throughout the lease," Def. Mem. at 1 (Dkt. No. 136), and points to the "plain language" of N.Y. C.P.L.R. 5001(b), which states that, "[w]here ... damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." Defendant then reasons that because the Court's year-to-year findings to determine the liquidated damages involve projected losses after the date of the Court's opinion, such "future losses" should not be included in any calculation of prejudgment interest because, by virtue of Defendant's payment of damages in advance of those dates, Plaintiff could not have "lost" use of those funds from the date that its losses were incurred. In other words, Defendant argues that it has prepaid for Plaintiff's losses, making prejudgment interest inapplicable.

Defendant further argues that for the years 2009-2014, Plaintiff similarly incurred no actual loss of funds because the amount of rent it received the tenant that occupied the premises in Defendant's place, Madden, covered any out-of-pocket losses Plaintiff might have otherwise suffered because of Defendant's breach. More specifically, Defendant states that Plaintiff received $6,142,406 from Madden in the relevant period, while it would have received net rent of $6,125,441 from Defendant had Defendant actually occupied the space ($7,025,441 in rent, less $900,000 in costs Plaintiff saved by not having to deliver the premises to Defendant). *See* Def. Mem. at 2 (Dkt. No. 136).

In the alternative, Defendant suggests that if prejudgment interest were calculated based on the damages that Plaintiff had accrued at "various times" throughout the life of the lease

4

based on the Court's previous finding of the "fair and reasonable rent" for the premises as of each year of the lease, the prejudgment interest would amount to $128,535. This calculation "does not track actual received funds paid to [Plaintiff] by Madden," Def. Mem. at 3 (Dkt. No. 136), but still reflects Plaintiff as benefitting from Defendant's breach in the first year of the contract, and having accrued no net loss because of Defendant's breach in the second year; it is only from 2012 onward that Defendant believes any prejudgment interest should be awarded using this approach. *See* Def. Mem. at 10 (Dkt. No. 136) (summarizing "Exhibit 2"). Defendant also suggests that "this approach may be in conflict with New York case law and C.P.L.R. 5001(b)," because it does not reflect the rent paid to Plaintiff by Madden.

Defendant's point that C.P.L.R. 5001(b) requires calculation of prejudgment interest from the date that damages were incurred is true as it goes, but its extended argument about the meaning of the statute ignores the basic premise that it is required to prove: that Plaintiff's liquidated damages were "incurred" in the years on which the damages formula's calculation was based, rather than on the date of Defendant's breach. It is not at all obvious that because a damages formula requires projection of future losses, the "damages" for the purpose of prejudgment interest calculation are considered as incurred on those future dates. Two possibilities emerge: first, that damages were incurred for prejudgment interest purposes on the date of the breach, regardless of the specific contents of the damages formula, or second, that the formula itself reflects damages as of the date of breach, rather than as of the future date that rent would have been due. Even under the second standard, which is more generous to Defendant, prejudgment interest is available here.

When the value of a Plaintiff's losses are discounted back to the date of breach, prejudgment interest is generally required to compensate Plaintiff for the loss. *In re Conn. Nat'l Bank*, 928 F.2d 39, 43 n.5 (2d Cir. 1991) ("The general proposition that prejudgment interest is not allowable on future losses … is inapplicable to the sum of the 'present' value of future payments that have been discounted back to the date of loss.") (citation omitted); *Woodling v. Garrett Corp.*, 813 F.2d 543, 560 (2d Cir. 1987) (citing *Hollwedel v. Duffy-Mott Co.*, 188 N.E.

5

266, 269-70 (N.Y. 1933)). Conversely, if future losses are discounted to the date of a court's decision, or not discounted at all, prejudgment interest generally is unavailable. *See id.*

The lease's damages formula, which the Court relied upon in fixing the amount of liquidated damages, discounts the amount of rent due over the life of the lease and the reasonable rental value of the property to its present value as of the breach in August 2009. *See* Op. at 18 (Dkt. No. 134) (Court required to determine "what the reasonable rental value of the Premises was at the time of Guess's breach"); *id.* at 32-35 (determining rental value of premises in August 2009); *id.* at 36-40 (determining discount rate for fair rental value); *id.* at 43 (discussing discounted value); *id.* at 45 (discussing then-reasonable value of premises as of 2009). Accordingly, to create a make-whole judgment requires prejudgment interest as of that date going forward. Defendant's argument that this creates a windfall for Plaintiff essentially mirrors the same argument it made during trial that the liquidated damages clause should not be enforced because it creates an impermissible windfall. As the Court explained then, the parties arrived at a clearly reasonable contractual formula for the calculation of damages, in which the completeness of Plaintiff's recovery would depend on market conditions between the breach and the time of trial. *See* Op. at 45. Now, as then, the fact that Plaintiff's losses may be overstated by the formula as a matter of the historical performance of the market does not change the reasonableness of the award, and it similarly does not change the fact that the actual rent received from Madden, as opposed to the reasonable rental value as provided for in the lease's damages clause, is the appropriate figure for determining Plaintiff's recovery. Because the figure actually determined based on the contract is the measure of damages in this action, the Court is not free to ignore it when fixing prejudgment interest. C.P.L.R. 5001 speaks in terms of "damages," not "losses."

Although it is not necessary to the Court's holding, the Court also notes that it is quite likely that the lease created a damages award recoverable as of the date of breach, rather than a right to payment of damages as they would accrue on the dates of Defendant's missed payments in the future. Section 19.3 of the lease, under which Plaintiff recovered damages in this action, is

entitled "Rent Acceleration," and the entire provision makes damages collectable as of the breach. Contrary to Defendant's argument that Plaintiff suffered "no loss of use of funds," then, it was precisely the right to use the funds to which Plaintiff became entitled under Section 19.3 between the date of breach and the date of judgment that Plaintiff lost. Because Plaintiff's right to recover those funds did not depend on another tenant's continued payment of rent, the right to be made whole for the use of the funds between the date of the breach and the date they are paid similarly does not depend on whether Madden separately continued to pay rent to Plaintiff.

Accordingly, the Court concludes that prejudgment interest at the New York statutory rate of nine percent per annum must be awarded to Plaintiff on the full sum of the liquidated damages award. However, Plaintiff insists that it is owed prejudgment interest up to the point that judgment is entered following this order, even though the parties agree that Defendant paid the liquidated damages award to Plaintiff on September 10, 2014. *See* Pl. Mem. at 6 (Dkt. No. 137). This argument is flawed. In the ordinary case, prejudgment interest is awarded until the entry of judgment because a plaintiff will not recover any portion of the funds withheld until after judgment has been entered. In cases of prepayment of sums owed, however, it is generally recognized that prejudgment interest will not run past the date of payment. *Cf. N. River Ins. Co. v. Ace Am. Reins. Co.*, 361 F.3d 134, 144 (2d Cir. 2004) (discussing availability of prejudgment interest on amounts paid before decision). To hold otherwise would be to ensure double recovery; Defendant would be forced to compensate Plaintiff for loss of the use of money that was, in fact, in Plaintiff's possession. Indeed, *North River* suggests that a party accepting a voluntarily payment before a judgment, or at least a decision, must expressly reserve its right to prejudgment interest. *See id.* Plaintiff's right to interest is sufficiently preserved by its demand for prejudgment interest made before the Opinion in the case, and Defendant's agreement to make the payment without any apparent prejudice to Plaintiff's then-pending application for interest. But it is quite clear that Plaintiff can no longer demand prejudgment interest on money already in its possession. Accordingly, prejudgment interest should run only from the date of the breach to the date of Defendant's payment: September 10, 2014.

The Court therefore orders that judgment in this action shall include prejudgment interest in the amount of nine percent per annum, to run from August 1, 2009, to September 10, 2014.

### III.     Conclusion

For the foregoing reasons, Plaintiff's application for attorneys' fees and costs is DENIED WITHOUT PREJUDICE to refiling when the final judgment in this action is no longer appealable.  Plaintiff is hereby GRANTED prejudgment interest in the amount of nine percent per annum, to run from August 1, 2009 to September 10, 2014.  The Clerk is requested to enter judgment in accordance with the liquidated damages awarded in the Court's August 22, 2014 Opinion (Dkt. No. 134) and the conclusions reflected herein.

SO ORDERED.

Dated: Aug 17, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge